# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 SPRING STREET, SW
ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
**CLERK OF COURT**

DOCKETING SECTION
404-215-1655

September 2, 2009

Clerk, United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr.
 United States Courthouse
400 North Miami Avenue, Room 8
Miami, FL 33128

```
FILED by _QP_ D.C.

   SEP 0 8 2009

  STEVEN M. LARIMORE
  CLERK U. S. DIST. CT.
   S. D. of FLA. – MIAMI
```

    Re:   *USA v. Marie Henderson*
           NDGA Case No.: 1:09-mj-1111
           Your Case No.: 09-20725-CR-HUCK/O'SULLIVAN

Dear Clerk:

      Rule 5(c)(3) proceedings were held in this district on September 1, 2009 as to Marie Henderson. Enclosed are our documents of said proceedings, and a certified copy of our docket sheet.

      Please acknowledge receipt on the enclosed copy of this letter. If this office can be of any further assistance, please contact the undersigned deputy clerk at (404) 215-1655.

                                Sincerely,

                                James N. Hatten
                                Clerk of Court

                By:    s/B. Evans
                         Deputy Clerk

FILED IN OPEN COURT
U.S.D.C   Atlanta

SEP 01 2009

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk


ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

MARIE HENDERSON,

   Defendant.

CASE NO. 1:09-MJ-1111-AJB

## ORDER APPOINTING COUNSEL

JUDY FLEMING

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 1st day of September, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**     FILED IN OPEN COURT

DATE: 9/1/09 @ 2:18 pm
TAPE: FTR
TIME IN COURT: 22 Mins.

ORIGINAL

| | |
|---|---|
| MAGISTRATE JUDGE: ALAN J. BAVERMAN | COURTROOM DEPUTY CLERK: Lisa Enix |
| CASE NUMBER: 1:09-MJ-1111 | DEFENDANT'S NAME: Marie Henderson |
| AUSA: Mary Roemer | DEFENDANT'S ATTY: Judy Fleming |
| USPO / PTR: Anthony Parker | ( ) Retained  ( ) CJA  (X) FDP  ( ) Waived |

___ ARREST DATE _____

**X** Initial appearance hearing held.          **X** Defendant informed of rights.

___ Interpreter sworn: _____

### COUNSEL

**X** ORDER appointing Federal Defender as counsel for defendant.

___ ORDER appointing _____ as counsel for defendant.

___ ORDER: defendant to pay attorney's fees as follows: _____

### IDENTITY / PRELIMINARY HEARING

**X** Defendant WAIVES identity hearing only.          **X** WAIVER FILED

___ Identity hearing HELD.     ___ Def is named def. in indictment/complaint; held for removal to other district.

___ Defendant WAIVES preliminary hearing in this district only.     ___ WAIVER FILED

___ Preliminary hearing held..     ___ Probable cause found; def. held to District Court for removal to other district

___ Removal hearing set/reset/cont to _____ @ _____.

___ Commitment issued.

### BOND/PRETRIAL DETENTION HEARING

___ Government motion for detention filed.   ( ) Oral Motion _____

___ Pretrial hearing set for _____ @ _____     ( ) In charging district.)

**X** Bond/Pretrial detention hearing held.

___ Government motion for detention   ( ) GRANTED   ( ) DENIED   ( ) WAIVED in this district

___ Pretrial detention ordered.     ___ Written order to follow.

**X** BOND set at $ 10,000     **X** NON-SURETY          ___ SURETY

___ cash                              ___ property              ___ Signature

___ SPECIAL CONDITIONS: _____

**X** Bond filed. Defendant released.

___ Bond not executed. Defendant to remain in Marshal's custody.

___ Motion  ( ) verbal)  to reduce/revoke bond filed.

___ Motion to reduce/revoke bond     ___ GRANTED     ___ DENIED

AO 466A (Rev. 01/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

FILED IN OPEN COURT
U.S.D.C   Atlanta

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA

SEP 0 1 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:09-MJ-1111-AJB |
| MARIE HENDERSON | ) | |
| Defendant | ) | Charging District's Case No. 09-20725-CR-HUCK |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Southern District of Florida

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

[X] an identity hearing and production of the warrant.

[ ] a preliminary hearing.

[ ] a detention hearing.

[ ] an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 9/1/09

X _Marie Henderson_
   *Defendant's signature*

_____
*Signature of defendant's attorney*

_Judy Fleming_
*Printed name of defendant's attorney*

≈AO 98A (12/03) Includes violations of conditions of release as well as the appearance as grounds for forfeiture

FILED IN OPEN COURT
U.S.D.C Atlanta

SEP 01 2009

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __GEORGIA__

UNITED STATES OF AMERICA
V.

## APPEARANCE AND COMPLIANCE BOND

__MARIE HENDERSON__
Defendant

Case     1:09-MJ-1111-AJB

(Non-surety)  I, the undersigned defendant acknowledge that I and my . . .
Surety:   We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ __10,000_____ , and there has been deposited in the Registry of the Court the sum of
$ _____ in cash or _____ (describe other security.)

The conditions of this bond are that the defendant, _____MARIE HENDERSON_____
(Name)
is to (1) appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred; (2) comply with all conditions of release imposed by the court, and (3) abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on __9/1/09__ at __75 Spring Street, S. W. Atlanta, GA 30303__
  Date                Place

Defendant __Marie Henderson__  Address __5526 Jamerson Drive__
Surety _____  Address __College Park, GA 30349__
Surety _____  Address _____

Signed and acknowledged before me __9/1/09__
  Date

_____
Judge/Clerk

Approved _____
Judge Officer

Case 1:09-cr-20725-PCH   Document 4   Entered on FLSD Docket 09/09/2009   Page 6 of 10

AO 199A (Rev. 11/08) Order Setting Conditions of Release

FILED IN OPEN COURT
Page 2 of U.S.D.C. Atlanta

SEP 01 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of GEORGIA

| United States of America | ) |
| v. | ) |
|  | ) Case No. 1:09-MJ-1111-AJB |
| MARIE HENDERSON | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* _____
Place

on _____
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( X ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( X ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of Ten Thousand --------------------------------------------------------- dollars ($ 10,000 )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7)   The defendant is placed in the custody of:
          Person or organization _____
          Address (only if above is an organization) _____
          City and state _____    Tel. No. (only if above is an organization) _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

                                        Signed: _____   _____
                                                Custodian or Proxy              Date

( X ) (8)   The defendant must:
   ( X ) (a)   report to   ( X ) U.S. Pretrial Svcs.;   ( ) U.S. Probation Office; Suite 900 U.S. Courthouse, 404-215-1900/1950
               ( X ) before leaving the Courthouse;   ( ) within _____ hours of release from custody, or
               ( ) no later than: _____. Defendant shall follow all instructions of the supervising officer.
   ( X ) (b)   execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
   ( ) (c)     post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
   ( ) (d)     execute a bail bond with solvent sureties in the amount of $ _____.
   ( X ) (e)   maintain or actively seek lawful, verifiable employment.
   ( ) (f)     maintain or commence an education program.
   ( X ) (g)   surrender any passport to: ( X ) Pretrial Services   ( ) Probation
   ( X ) (h)   not obtain or possess a passport or other travel documents in your name, another name or on behalf of third persons, including minor children.
   ( X ) (i)   abide by the following restrictions on personal association, place of abode, or travel:  Do not change your address, telephone number or place of employment without prior permission of your pretrial services/probation supervisor.
   ( X ) (j)   avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____
   ( ) (k)     undergo medical or psychiatric treatment: _____
   ( ) (l)     return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
   ( ) (m)     maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary, and abide by the rules and regulations of said facility.
   ( X ) (n)   not possess a firearm, destructive device, or other dangerous weapons or ammunition.
   ( X ) (o)   refrain from  ( ) any  ( X ) excessive use of alcohol.
   ( X ) (p)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless lawfully prescribed by a licensed medical practitioner.
   ( X ) (q)   submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
   ( ) (r)     participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
   ( ) (s)     participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
               ( ) (i)   **Curfew.** You are restricted to your residence every day   ( ) from _____ to _____, or   (( ) as directed by the pretrial services office or supervising officer; or
               ( ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
               ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
   ( ) (t)     submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
               ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
               ( ) (i)   Location monitoring technology as directed by the pretrial services office or supervising officer;
               ( ) (ii)  Radio Frequency (RF) monitoring;
               ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
               ( ) (iv)  Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
               ( ) (v)   Voice Recognition monitoring.
   ( X ) (u)   report within 72 hours to the pretrial services office or any supervision officer any contact with law enforcement personnel, including but not limited to any arrest, questioning or traffic stop.
   ( X ) (v)   not travel outside the Northern District of Georgia without prior permission from your supervising Pretrial/Probation officer.
   ( X ) (w)   Travel to S.D. Fla. for court/atty. consultations.

          DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years; if you commit a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.,* in addition to) any other sentence you receive.

It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to: obstruct a criminal investigation; tamper with a witness, victim or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Marui Anderson_
Signature of Defendant

5526 Jamerson Drive
Address

College Park, GA        617-905-5146
City and State          Telephone

### Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 9/1/2009

Signature of Judicial Officer

ALAN J. BAVERMAN, U. S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CRIMINAL DOCKET FOR CASE #: 1:09-mj-01111-AJB All Defendants
### Internal Use Only

Case title: USA v. Henderson
Other court case number: 09-20725-CR Southern District of Florida

Date Filed: 09/01/2009
Date Terminated: 09/01/2009

ATTEST: A TRUE COPY
CERTIFIED THIS

SEP 0 2 2009

James N. Hatten, Clerk
By: [signature]
Deputy Clerk

Assigned to: Magistrate Judge Alan J. Baverman

**Defendant (1)**
**Marie Henderson**
*TERMINATED: 09/01/2009*

represented by **Judy A. Fleming**
Federal Defender Program
100 Peachtree Street, N.W.
The Equitable Building, Suite 1700
Atlanta , GA 30303
404-688-7530
Fax: 404-688-0768
Email: Judy_Fleming@FD.Org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *Public Defender or Community Defender Appointment*

**Pending Counts**
None

**Disposition**

**Highest Offense Level (Opening)**
None

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**

18:641 - PUBLIC MONEY, PROPERTY OR RECORDS

**Disposition**

**Plaintiff**

USA    represented by    **Mary Christine Roemer**
Office of United States Attorney
75 Spring Street, S.W.
600 United States Courthouse
Atlanta , GA 30303
404-581-6000
Email: mary.roemer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2009 | 1 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Judy Fleming as to Marie Henderson. Signed by Magistrate Judge Alan J. Baverman on 9/1/09. (bse) (Entered: 09/02/2009) |
| 09/01/2009 | 2 | Minute Entry for proceedings held before Magistrate Judge Alan J. Baverman: Initial Appearance in Rule 5(c)(3) Proceedings and Detention Hearing as to Marie Henderson held on 9/1/2009. Defendant waives Identity Hearing. Waiver filed. Non-Surety Bond set at $10,000. Bond filed. Defendant released. (Attachments: # 1 Arrest Warrant and Indictment) (Tape #FTR) (bse) (Entered: 09/02/2009) |
| 09/01/2009 | 3 | WAIVER of Rule 40 Hearings by Marie Henderson. (bse) (Entered: 09/02/2009) |
| 09/01/2009 | 4 | Non-Surety Bond on Rule 5(c)(3) Entered as to Marie Henderson in amount of $10,000. (bse) (Entered: 09/02/2009) |
| 09/01/2009 | 5 | ORDER Setting Conditions of Release as to Marie Henderson. Signed by Magistrate Judge Alan J. Baverman on 9/1/09. (bse) (Entered: 09/02/2009) |
| 09/01/2009 |  | Arrest (Rule 40) of Marie Henderson. (bse) (Entered: 09/02/2009) |
| 09/01/2009 |  | Magistrate Case Closed. Defendant Marie Henderson terminated. (bse) (Entered: 09/02/2009) |
| 09/02/2009 | 6 | Transmittal of Rule 5(c)(3) Documents as to Marie Henderson, sent to Southern District of Florida via certified mail, rrr. Original case file with Bond and certified copy of docket sheet. (bse) (Entered: 09/02/2009) |